J-A22022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BARRY R. STARLIPER AND SUZANNE L. STARLIPER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEVIN L. NEGLEY, MELISSA A. NEGLEY, GERALD DUPERT AND LORA DUPERT | : | No. 12 MDA 2020 |
| | : | |
| | : | |
| | : | |
| Appellant | : | |

Appeal from the Order Entered December 6, 2019
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2016-4031

BEFORE:  SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                **FILED MARCH 05, 2021**

Appellants, Kevin L. Negley and Melissa A. Negley,[1] appeal from the December 6, 2019 order of the Cumberland County Court of Common Pleas in an action brought against them by Barry R. and Suzanne L. Starliper ("the Starlipers").  We affirm.

A prior panel of this Court addressed and affirmed Appellants' appeal from the judgment entered in the case on October 9, 2018.  Appellants contested the orders declaring an easement on their property, requiring them

---

[1] As noted in the prior appeal, although Gerald Dupert and Lora Dupert also appealed, the trial court found that all claims against the Duperts were determined in favor of the Duperts.  Therefore, as in the prior appeal, our reference to Appellants includes only the Negleys.

to move part of a fence and detach their addition from the Starlipers' addition, and awarding the Starlipers' monetary damages for trespass. ***Starliper v. Negley***, 222 A.3d 808, 1853 MDA 2018 (Pa. Super. filed October 4, 2019) (non-precedential decision).

We summarized the underlying dispute, as follows:

The properties at issue in this dispute originally comprised the Sunnyside Female Seminary, which was founded in 1858 in the Borough of Newburg, Pennsylvania. Trial Court Opinion, filed 7/30/18[,] at 1. The seminary included a three-story building, a two-story "addition" protruding from the rear of the building's eastern half, and a backyard. The earliest recorded division of the property occurred in 1872, when the western [one-]half of the property (including the western [one-]half of the building) was conveyed. The Starlipers now hold the title to the eastern [one-half] of the property, including the original addition, which they acquired in June 2006.

The western portion became the property of Gerald and Lora Dupert in June 2015. The previous owner had started construction of a two-story addition on the rear of the residence, abutting the Starlipers' addition. The previous owner died before completing the addition. When the Duperts took ownership, the addition consisted of studding, plywood, and a roof. In July and August 2015, the Duperts' daughter and son-in-law, Melissa and Kevin Negley, finalized the construction on the addition.

The Duperts conveyed their property to [Appellants] in February 2016. Between April and May 2016, [Appellants] constructed a fire escape from the second story of the addition and erected a fence between the properties, alongside the property line. [Appellants] also constructed a detached garage and carport at the rear of their backyard.

The Starlipers commenced this action in July 2016 by filing a complaint asserting counts for trespass, nuisance, and obstruction of an easement. Following further pleadings, the Starlipers filed a "Motion for Declaratory Relief to Affirm Status of Easement." The Starlipers alleged that the only way to access the exterior western wall of their addition, in order to maintain it, was

by accessing part of [Appellants'] property. The Starlipers alleged that as their addition has existed since before the time the property was first divided, a five-foot wide easement by implication existed on the portion of [Appellants'] property that runs adjacent to it. The Starlipers asserted that access to the western wall of their addition has always been necessary, and that the wall now includes two windows, air vents, vinyl siding, and a rain gutter.

[Appellants] filed an Answer to the Motion for Declaratory Relief. They claimed that the Starlipers had never performed maintenance on the wall, and there was no evidence that any prior owners had ever accessed their property to perform any such maintenance.

The trial court granted the motion on the pleadings and entered an order declaring the Starlipers "have an easement of five feet in width, across the lot owned by [Appellants] to access the western wall of [the Starlipers'] addition." Order, 11/8/17, at 6.

Six months later, the case proceeded to trial. Barry and Suzanne Starliper and Melissa and Kevin Negley each testified.[2] The Starlipers testified that [Appellants'] addition impedes their access to the easement, as does the fire escape and fence. The Starlipers also testified that [Appellants'] addition was fastened to the Starlipers' addition, and that during construction of the garage, [Appellants'] contractor spread soil, rocks, and debris onto the Starlipers' back lawn. The Starlipers conceded that some of the rocks in their backyard were there prior to the construction. The Starlipers further testified that construction of the garage increased the flow of water onto their land. The Starlipers testified that they received an estimate of $1,480 from a landscaper to haul away the debris, apply topsoil to grade the yard, and replant grass. The Starlipers entered a copy of the estimate into evidence.

[2] We refer to the testimony of Barry and Suzanne Starliper together as the "Starlipers' testimony" and to the testimony of Melissa and Kevin Negley together as the "Negleys' testimony."

[Appellants] denied that their addition is attached to the Starlipers' home, asserting that it is anchored to the rear of their

- 3 -

own home. They testified that they could easily remove a panel of the fence within minutes, and offered to do so periodically to allow the Starlipers access to their exterior wall. [Appellants] stated that when construction on the garage began, they instructed their contractors to keep any dirt off the Starlipers' property, but the contractors put some debris across the property line anyway. [Appellants] had the contractors remove as much of the debris as they could, but acknowledged that some remained in the Starlipers' backyard. [Appellants] denied that construction of the garage altered the flow of water between the properties; [Appellants] testified they only slightly raised the elevation of the ground under the garage, and testified that their rear lawn has always sloped onto the Starlipers' rear lawn.

[Appellants] also argued that the Starlipers' claims should be banned by the doctrine of laches, as the Starlipers had delayed in asserting the existence of an easement until the Duperts/Negleys had purchased the property, finished the addition, and began construction of the fire escape and fence. Much of the testimony therefore revolved around the manner in which the Starlipers had protested the various phases of construction, both before and after the Duperts/Negleys acquired the property.

Relevant to our disposition, the Starlipers testified that they voiced their concerns to [Appellants] in the spring of 2016, soon after [Appellants] obtained ownership and began construction of the fire escape, fence, and garage. The Starlipers stated that they also attended a meeting of the Borough in May 2016, at which [Appellants] were present, to publicly object to the construction, and sent [Appellants] a cease and desist letter. [Appellants] testified that the Starlipers' complaints to the Borough were limited to arguments regarding zoning and permits, and did not mention a right of way. However, [Appellants] also testified that when they began construction of the fire escape, fence, and garage, the Starlipers complained that the construction impeded their "right of way," and that the additional construction would prevent them from accessing their dryer vent.

The court found that although [Appellants'] addition sits upon the Starlipers' easement, ordering [Appellants] "to remove up to five feet of the addition is inconvenient and would cause greater injury to [Appellants] than is reasonable under the circumstances." Opinion, 7/30/18, at 15. However, the court

- 4 -

enjoined [Appellants] "from adding to the addition to the extent it trespasses on the [Starlipers'] property or impedes any easements." Order, 7/30/18, at 1 (unpaginated). The court also found that [Appellants'] fire escape sits upon the easement, but that it does not unreasonably infringe on the Starlipers' use of the easement. Opinion, 7/30/18, at 15. In contrast, the court found that [Appellants's] fence "significantly infringes upon the Starlipers' use of the easement ... such as to require its removal." **Id.** The court ordered [Appellants] "to remove the fence completely, or, alternatively, move the fence to the end of the Starlipers' structure, therefore removing the easement impediment." Order, 7/30/18, at 1 (unpaginated).

The court also found, based on the photographic evidence, that [Appellants'] addition was fastened to the Starlipers' addition, and that this constituted trespass. Opinion, 7/30/18, at 12. The court ordered [Appellants] "to remove any parts of the addition that are fastened to [the Starlipers'] home as well as any parts of the addition that unreasonably impede the Starlipers' access to their western wall for maintenance and repair." Order, 7/30/18, at 1.

The court found that [Appellants'] diversion of surface water onto the Starlipers' land constituted trespass, as well as the soil, rocks, and debris that [Appellants'] contractors left on the Starlipers' property during the construction of the garage. Opinion, 7/30/18, at 10. The court ordered [Appellants] to pay the Starlipers damages of "$1,480.00 for this trespass of soil, rocks and debris, minus the cost of any repair not directly related to [Appellants'] actions." Order, 7/30/18, at 1. The court concluded that laches did not bar any of the Starlipers' claims. Opinion, 7/30/18, at 5.[3]

[3] The court found in favor of [Appellants] on the Starlipers' claims of nuisance and punitive damages/attorneys' fees. These findings are not at issue on appeal.

[Appellants] filed a motion for post-trial relief, which the court denied. The court thereafter entered final judgment in favor of the Starlipers, and [Appellants] appealed.

**Starliper**, 1853 MDA 2018 (non-precedential decision at *1–7).

On appeal, as noted, this Court affirmed the judgment and concluded that the trial court did not commit an error of law or an abuse of discretion in finding the existence of an implied easement. *Starliper*, 1853 MDA 2018 (non-precedential decision at *11). We further determined that the trial court properly: ordered Appellants to pay $1,480 in damages and refused to dismiss the Starlipers' claims under the doctrine of laches. *Id.* at *13, 14. We also concluded that the trial court properly found: in favor of the Starlipers on their trespass claim; Appellants' addition trespassed onto the Starlipers' property; and Appellants had to move the portion of their fence on the easement. *Id.* at *16, 20, 21–23.

Following our October 4, 2019 affirmance, on November 8, 2019, the Starlipers filed a Petition for Clarification with the trial court.[2] The trial court held a status conference on December 5, 2019, and thereafter entered the following order:

> AND NOW, on this 5th day of December, 2019, following the Superior Court's affirmance of this [c]ourt's Order of Court of July 30, 2018, and at the request of counsel for both parties, this [c]ourt ORDERS the following clarifications to its July 30, 2018 Order:

---

[2] In the Petition for Clarification, the Starlipers averred that they previously had requested clarification of the July 30, 2018 order in a letter to the trial court dated August 11, 2018, and they attached the letter to the Petition as Exhibit B. Following a status conference on September 14, 2018, "the [trial court] indicated that it would refrain from clarification pending the appeal." Petition for Clarification, 11/8/19, at ¶ 8. Thus, the Starlipers renewed their requested clarification. Appellants concurred in the request for clarification. In re Opinion Pursuant to Pa.R.A.P. 1925(a), 2/19/20, at 2–3.

(1) The Negley Defendants are ORDERED to pay [the Starlipers] the sum of $1,480.00 for this trespass of soil, rocks and debris, within twenty (20) days of the date of this Order.

(2) The Negley Defendants are ORDERED to remove any parts of the addition that are fastened to [the Starlipers'] home as well as any parts of the addition that unreasonably impede the Starlipers' access to their western wall for maintenance and repair, within thirty (30) days of the date of this Order.   Given that the [c]ourt intends for the Starlipers to have human access to their property for maintenance and repair, the [c]ourt specifically ORDERS the removal of any of Negleys' structures within a distance two feet, six inches (2' 6") from the Starlipers' structure.

(3) The Negley Defendants are ORDERED to remove the fence completely, or, alternatively to remove all parts of the fence except those which begin no closer than the end of [the Starlipers'] deck attached to their home (located at the corner of the lattice, and the beginning of the orange line in the grass, as seen in trial exhibit #10), within ten (10) days of the date of this Order.

(4) In all other respects, the Order of July 30, 2018 to remain the same.

Order, 12/6/19, at unnumbered 1–2.   Appellants filed a timely notice of appeal; both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following issues in their appellate brief:

I.   Whether the Trial Court erred in entering judgment in favor of [the Starlipers] in the amount of $1,480.00 when the Trial Court previously ordered that [Appellants] would pay $1,480.00 to [the Starlipers], minus cost of repairs not related to [Appellants'] actions, when [the Starlipers] have failed to produce evidence of the cost of repairs solely related to [Appellants'] actions?

II.   Whether the Trial Court erred in ordering [Appellants] to remove two and one half feet from the addition when the

Superior Court found that the Trial Court did not order the removal of the addition?

III.     Whether the Trial Court errdin finding the doctrine of laches inapplicable to the addition when [the Starlipers'] delayed prosecuting or instituting their claim for at least 8 years?

Appellants' Brief at 3.

We have reviewed the complete record and the arguments of the parties. The trial court has described and explained its nuanced clarifications and succinctly addressed the relevant issues in this appeal. We rely on the cogent opinion filed February 19, 2020, of the Honorable Jessica E. Brewbaker in affirming this matter.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/05/2021

---

[3] The parties are directed to attach a copy of the opinion in the event of future proceedings.

| BARRY R. STARLIPER and | : | IN THE COURT OF COMMON PLEAS OF |
| SUZANNE L. STARLIPER, | : | CUMBERLAND COUNTY, PA |
| Plaintiffs | : | |
| | : | CIVIL ACTION – LAW |
| vs. | : | NO. 2016-4031 CIVIL |
| | : | |
| KEVIN L. NEGLEY, | : | |
| MELISSA A. NEGLEY, | : | |
| GERALD DUPPERT and | : | |
| LORA DUPPERT, | : | |
| Defendants | : | |

FILED-OFFICE OF THE PROTHONOTARY 2020 FEB 19 PM 2:48 CUMBERLAND COUNTY PENNSYLVANIA

## IN RE: OPINION PURSUANT TO PA. R.A.P. 1925(a)

In this civil action, Kevin L. Negley and Melissa A. Negley (hereinafter

"Appellants") challenge the entry of this court's Order of December 6, 2019[1]

against them and in favor of Barry R. Starliper and Suzanne L. Starliper

(hereinafter "Appellees"). The Order stated as follows:

> AND NOW, on this 5th day of December, 2019,
> following the Superior Court's affirmance of this Court's
> Order of Court of July 30, 2018, and at the request of
> counsel for both parties, this Court ORDERS the
> following clarifications to its July 30, 2018 Order:
>
> (1) The Negley Defendants are ORDERED to pay
>     Plaintiffs the sum of $1,480.00 for this trespass of
>     soil, rocks and debris, within twenty (20) days of the
>     date of this Order.
>
> (2) The Negley Defendants are ORDERED to remove
>     any parts of the addition that are fastened to Plaintiffs'
>     home as well as any parts of the addition that

---

[1] While the Order was filed of record on December 6, 2019, it was dated December 5, 2019.

unreasonably impede the Starlipers' access to their western wall for maintenance and repair, within thirty (30) days of the date of this Order. Given that the Court intends for the Starlipers to have human access to their property for maintenance and repair, the Court specifically ORDERS the removal of any of Negleys' structures within a distance two feet, six inches (2'6") from the Starlipers' structure.

(3) The Negley Defendants are ORDERED to remove the fence completely, or, alternatively to remove all parts of the fence except those which begin no closer than the end of Plaintiff's deck attached to their home (located at the corner of the lattice, and the beginning of the orange line in the grass, as seen in trial exhibit #10), within ten (10) days of the date of this Order.

(4) In all other respects, the Order of July 30, 2018 to remain the same.

Appellants filed their Notice of Appeal on January 3, 2020, and a timely concise statement of errors on January 24, 2020, prompting this opinion pursuant to Rule 1925(a).

## STATEMENT OF FACTS AND PROCEDURAL HISOTRY

In the interests of brevity, this court will incorporate the facts and procedural history found in the July 31, 2018 trial court decision,[2] and the October 4, 2019 unpublished Superior Court opinion[3] in this matter. Subsequently, and at the

---

[2] Opinion and Order of Court (Brewbaker, J.), dated July 30, 2018 and filed July 31, 2018.

[3] *Starliper v. Negley*, 1853 MDA 2018, 2019 WL 4899221(Pa. Super. Ct. unpub. Oct. 4, 2019).

2

request of the parties, this court filed the above clarifying Order, prompting Appellants' Notice of Appeal. In their concise statement, Appellants alleged the following errors:

1. Whether the Trial Court erred in entering judgment in favor of Plaintiffs in the amount of $1,480.00 when the Trial Court previously ordered that the Defendants would pay $1,480.00 to Plaintiffs, minus cost of repairs not related to Defendants' actions, when Plaintiffs have failed to produce evidence of the cost of repairs solely related to Defendants' actions?

2. Whether the Trial Court erred in ordering Defendants to remove two and one half feet from the addition when the Superior Court found that the Trial Court did not order the removal of the addition?

3. Whether the Trial Court erred in finding the doctrine of laches inapplicable to the addition when Plaintiffs delayed prosecuting or instituting their claim for at least 8 years?

For the following reasons, this court should properly be affirmed on appeal.

## DISCUSSION

The law of the case doctrine is explained as follows:

> Among the related but distinct rules which make up the law of the case doctrine are that: (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferrer trial court.

3

*George v. Ellis*, 2006 PA Super 306, ¶7, 911 A.2d 121, 125. Relevant to the instant case are prongs (1) and (2) of the rule, as Appellants seek to re-litigate issues that were previously decided by the Superior Court in its unpublished opinion of October 4, 2019.

In Appellants' first purported error, they challenge this court's award of $1,480.00 in damages to Appellees for the trespass caused by rock and soil debris that were placed on Appellees' property by Appellants' contractors. As noted by the Superior Court, it was not error for this court to order damages based on the only evidence before it. *See Starliper v. Negley*, 1853 MDA 2018, 2019 WL 4899221, at 12-14 (Pa. Super. Ct. unpub. Oct. 4, 2019). The only evidence of damage related to the soil trespass that was ever presented to this court was Appellees' invoice for $1,480.00 to repair their lawn. Reaching any other award of damages would require this court to engage in pure speculation, with no ability to ground any other damage figure in the record. Therefore, this court should properly be affirmed on Appellants' first error complained of on appeal.

In their second error complained of on appeal, Appellants challenge this court's order that they remove any of their addition located within two feet and six inches from Appellees' structure, in order to allow Appellees access to the exterior of their building. While it is true that this court did not previously order the specific removal of any of Appellants' addition within a distance of two feet, six

4

inches from Appellees' structure, such a removal was contemplated[4] within the order and opinion by this court dated July 30, 2018.[5] Further, in 2018 this court specifically directed Appellants to detach their addition from Appellees' property,[6] which they have not done to date.[7]

In fashioning the relevant orders, it was this court's objective to allow Appellees to maintain the side of their building including, for example, maintaining or replacing as necessary their siding, windows and dryer vent, and addressing their growing mold problem, while minimizing the inconvenience to Appellants. Requiring that Appellants remove their addition along the entire five feet of Appellees' easement would unfairly harm Appellants under these circumstances, as Appellees would not require the full five feet in order to maintain their property. Likewise, permitting Appellants' addition to remain in place would unfairly harm Appellees, as that would completely prohibit the

---

[4] "The Negley Defendants are ORDERED to remove any parts of the addition that are fastened to Plaintiffs' home as well as any parts of the addition that unreasonably impede the Starlipers' access to their western wall for maintenance and repair. The Defendants are further ENJOINED from adding to the addition to the extent it trespasses on the Plaintiffs' property or impedes any easements." (emphasis added). *See* Order of Court, dated July 30, 2018, at ¶2.

[5] For the sake of clarity, while that order and opinion were dated July 30, 2018, they were not filed of record until July 31, 2018.

[6] *See* Note 4, *supra. See also Starliper v. Negley, supra,* 1853 MDA 2018 at 21 (wherein this court's order that the Negleys detach their addition from the Starlipers' property was affirmed by the Superior Court).

[7] In fact, it is significant to note that as of the writing of this opinion, Appellants have not followed any of this court's orders regarding their property.

5

Appellees from maintaining their property. Therefore, this court reached a compromise by requiring Appellants to remove two feet and six inches of their addition, which will be of sufficient width as to permit Appellees access to maintain their property, and should properly be affirmed on appeal.

In their third error complained of on appeal, Appellants re-challenge[8] this court's determination that the doctrine of laches is inapplicable to their case. The doctrine of laches is an affirmative defense that bars the prosecution of stale claims and is the practical application of the maxim that "those who sleep on their rights must awaken to the consequence that they have disappeared." *Starliper v. Negley, supra*, 1853 MDA 2018 at 15 (internal citations omitted). The Superior Court elaborated:

> Laches bars relief when the complaining party is guilty of want of due diligence in failing to promptly institute the action to the prejudice of another. Thus, in order to prevail on an assertion of laches, respondents must establish: a) a delay arising from petitioner's failure to exercise due diligence; and, b) prejudice to the respondents resulting from the delay.

*Id.* (internal citations omitted).

---

[8] Compare Concise Statement of Errors Complained of Pursuant to Rule of Appellate Procedure 1925(b), filed November 26, 2018, at ¶2(c) ("Whether the Trial Court erred in finding the doctrine of laches inapplicable when Plaintiffs delayed prosecuting or instituting their claim for at least 8 years?"), Concise Statement of Errors Complained of Pursuant to Rule of Appellate Procedure 1925(b), filed January 24, 2020, at ¶2c ("Whether the Trial Court erred in finding the doctrine of laches inapplicable to the addition when Plaintiffs delayed prosecuting or instituting their claim for at least 8 years?").

6

This court will rely on the reasoning of its prior opinion with regard to the issue of laches. Specifically, the Appellees pursued a variety of avenues to attempt to have the Appellants' addition moved so that they could access and maintain their property.[9] While the Superior Court previously found as moot the laches argument regarding the easement running underneath Appellants' addition, this court expressly found that removal of some of Appellants' addition would be proper in order to allow Appellees to maintain their property.

The record reflects that Appellees attempted to work with the previous owner to have the addition removed or modified so that they could maintain their property.[10] After the property was conveyed by Orrstown Bank to Appellants' family,[11] Appellees again renewed their request that the addition be removed or moved away from their property.[12] In response, Appellants removed and replaced

_____

[9] *See* Opinion and Order of Court, dated July 30, 2018, at 5 ("As noted in their brief, the Starlipers engaged in alternative dispute resolution, negotiations, communication with municipal leadership, and consultation with an attorney. While the actual legal action may have been filed after construction had commenced, there was no delay in the Starlipers' exercise of due diligence; in fact, they pursued their position through a variety of means.")

[10] *See* Notes of Testimony, In Re: (Day 1) – Transcript of Proceedings – Trial, May 14, 2018, at 20-21 (hereinafter "N.T. ___") (wherein Appellee, Barry Starliper, testified that he and his wife worked with the previous owner, Kenneth Wenger, regarding the addition and eventually had a stop work order placed on the construction of the addition.)

[11] *See* Amended Complaint, filed September 9, 2016, at ¶9.

[12] N.T. 23., see also Notes of Testimony, In Re: (Day 2) – Transcript of Proceedings – Trial, May 18, 2018, at 64 (wherein Appellant, Melissa Negley, testified that Appellees raised the issue of the addition's purported illegal construction during their first meeting in 2015, prior to any work being done on the addition by Appellants).

7

portions of the addition that were damaged by weather exposure,[13] and added

siding and a roof to the addition.[14] It is clear from the record that Appellees did not

sit on their rights, but instead used court involvement as a last resort in addressing

Appellants' addition. Therefore, this court should, again, properly be affirmed on

appeal with respect to the determination on laches.

## CONCLUSION

In this dispute between neighbors, which is nearing its fifth year, this court

entered an award of damages in favor of Appellees based on the only information

available to it, and attempted to resolve the question surrounding Appellants'

addition through a compromise. This underlying matter has already completed the

appeal process once, and rather than adhere to this court's order, Appellants'

continue to appeal, relitigating some of the same issues previously adjudicated by

the Superior Court. Appellants' addition blocks the access to Appellees' addition,

including preventing Appellees from maintaining their property, which is resulting

in actual physical damage to their property.[15] However, ordering the removal of a

---

[13] Notes of Testimony, In Re: (Day 2) – Transcript of Proceedings – Trial, May 18, 2018, at 86 (wherein Appellant, Kevin Negley, testified that some plywood boards were removed from the addition due to rot).

[14] Id. at 81.

[15] See Plaintiff's Trial Exhibit 6, Pages 17 and 18, admitted into evidence on May 18, 2018.

full five feet of Appellants' addition would be unfair and unnecessary under the circumstances, when Appellees only require enough space for human access. Therefore, this court's order requiring the removal of two feet and six inches of Appellants' addition, which is the minimum space necessary to uphold the integrity of Appellees' property, should properly be affirmed on appeal.

February 18, 2020

Jessica E. Brewbaker, J.

Elizabeth A. Clark, Esq.
Dick, Stein, Schemel, Wine & Frey, LLP
119 East Baltimore Street
Greencastle, PA 17225
  Attorney for Appellees

Shawn M. Stottlemyer, Esq.
2 South Hanover Street
Carlisle, PA 17013
  Attorney for Appellants

TRUE COPY FROM RECORD
In Testimony whereof, I have hereto set my hand and the seal of said Court at Carlisle, PA.
This __19__ day of __Feb__, 20_21_
Prothonotary
Regina K. Rebo

9